**Entered on Docket
February 06, 2009**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

In re:                                         )
                                               )
Joy Pimentel,                                  )   Case No.: 08-23264-BAM
                                               )
            Debtor.                            )
                                               )

### ORDER PARTIALLY GRANTING MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF UNSECURED CREDITORS

Upon the motion (the "**Motion**") of Joy Pimentel, the Debtor in the above-captioned proceeding (the "**Debtor**"), for her eight (8) residential properties (the "**Properties**"), requesting entry of an order to Value Collateral, "Strip Off" and Modify Rights of the lenders pursuant to 11 U.S.C. § 506(a) and § 1123;[1] and the Court having continued the Motion with respect to Aurora Loan Servicing only to February 24, 2009, at 9:30 a.m.; and nothing herein affecting Aurora or its claims against the Debtor; and due notice of the Motion and the hearing of the Motion having been given to all parties entitled thereto[2]; and a hearing having been held before this Court on January 27, 2009 (the "**Hearing**"), to consider approval of the Motion, at which time all parties

---

[1]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.
[2]    However, Aurora Loan Servicing appeared through its counsel at the January 27, 2009 hearing and raised certain objections, including insufficient service of the Debtor's Motion and Notice of Motion and lack of opportunity to review the appraisal relating the Aurora property.

1

in interest were afforded an opportunity to be heard; and because there were no objections to the Motion filed or raised at the Hearing[3]; it is hereby:

**ORDERED** that the Motion is **GRANTED IN PART** as follows:

1. That the secured portions of the Lenders' claims are reduced to the appraised value of the Properties, pursuant to 11 U.S.C. § 506(a); and it is further

2. That the unsecured portions of the Lenders' claims are reduced and shall be treated as "general unsecured claims", pursuant to 11 U.S.C. § 506(a); and it is further

3. That the secured and unsecured claims against the property located at 8254 Belmont Valley, Las Vegas, Nevada 89119 are bifurcated in accordance with the appraised value of the property in the amount of $260,000.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 8254 Belmont Valley, Las Vegas, Nevada 89119 are:

    a. First Lien - Bank of America -    Loan Number - 6099137793
        i. Secured Claim -    $260,000.00
        ii. Unsecured Claim -    $82,892.00
    b. Second Lien -    Bank of America -    Loan Number - 68181005890799
        i. Unsecured Claim -    $73,925.00;

and it is further

**ORDERED** that the secured and unsecured claims against the property located at 9106 Wine Cellar Avenue, Las Vegas, Nevada 89148 are bifurcated in accordance with the appraised value of the Property in the amount of $192,000.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9106 Wine Cellar Avenue, Las Vegas, Nevada 89148 are:

---

[3] *See* footnote 2, *supra*.

    a. First Lien –        Bank of America -     Loan Number – 6263873017

        i. Secured Claim -      $192,000.00

        ii. Unsecured Claim -    $57,775.00

    b. Second Lien -      Bank of America -     Loan Number – 6718494195

        ii. Unsecured Claim -    $30,367.00;

and it is further

    **ORDERED** that the secured and unsecured claims against the property located at 9862 Mount Oroville Court, Las Vegas, Nevada 89178 are bifurcated in accordance with the appraised value of the property in the amount of $285,000.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9862 Mount Oroville Court, Las Vegas, Nevada 89178 are:

    a. First Lien –        Bank of America -     Loan Number -     6025259018

        i. Secured Claim -      $285,000.00

        ii. Unsecured Claim -    $20,499.00

    b. Second Lien -      Bank of America -     Loan Number -     6729928744

        iii. Unsecured Claim -    $37,587.00;

and it is further

    **ORDERED** that the secured and unsecured claims against the property located at 12624 Red Pepper Court, Germantown, Maryland 20874 are bifurcated in accordance with the appraised value of the property in the amount of $148,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 12624 Red Pepper Court, Germantowm, Maryland 20874 are:

    a. First Lien –        Bank of America -     Loan Number -     6820044862

        i.   Secured Claim -     $148,000.00

        ii.  Unsecured Claim -   $32,000.00

  b.  Second Lien -    Bank of America -    Loan Number -    6508980387

        iv.  Unsecured Claim -   $43,252.00;

and it is further

**ORDERED** that the secured and unsecured claims against 9555 Palini Court, Las Vegas, Nevada 89123 are bifurcated in accordance with the appraised value of the property in the amount of $178,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9555 Palini Court, Las Vegas, Nevada 89123 are:

  a.  First Lien –    Citi Mortgage Inc. -    Loan Number -    0770854030

        i.   Secured Claim -     $178,000.00

        ii.  Unsecured Claim -   $64,687.00

  b.  Second Lien -    Ocwen Loan Servicing, LLC -   Loan Number –   0040143703

        v.   Unsecured Claim -   $61,637.00;

and it is further

**ORDERED** that the secured and unsecured claims against 10003 Emerald Pools Street, Las Vegas, Nevada 89178 are bifurcated in accordance with the appraised value of the property in the amount of $523,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 10003 Emerald Pools Street, Las Vegas, Nevada 89178 are:

  a.  First Lien –    EMC Mortgage -    Loan Number –   0021946348

        i.   Secured Claim -     $523,000.00

        ii.   Unsecured Claim -    $218,167.00

    b.   Second Lien -    EMC Mortgage -    Loan Number -    0021952296

        vi.   Unsecured Claim -    $132,626.00;

and it is further

**ORDERED** that the secured and unsecured claims against 8466 Illusionary Magic Circle Drive, Las Vegas, Nevada 89131 are bifurcated in accordance with the appraised value of the property in the amount of $480,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. Section 506(a), and the total amounts of the claims against 8466 Illusionary Magic Circle Drive, Las Vegas, Nevada 89131 value are:

    b.   First Lien -    Countrywide Home Loans -   Loan Number -    179981901

        i.   Secured Claim - $427,192.00

    c.   Second Lien -    Countrywide Home Loans -   Loan Number -    1799819

        i.   Secured Claim – $52,808.00

        ii.   Unsecured Claim - $27,271.00;

and it is further

**ORDERED** that unsecured portions of the Lenders' claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 11 plan; and it is further

**ORDERED** that Lenders' secured rights and/or lien-holder rights in the Properties are hereby modified as set forth above, however, all remaining terms of the mortgage and note shall remain the same, including the term of the loan and interest rate; and it is further

**ORDERED** that nothing herein shall limit the Debtor's right to re-appraise the Properties in connection with confirmation of the Debtor's Chapter 11 plan of re-organization, and it is further

**ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall be effective and enforceable immediately upon entry.

Submitted by:

The Schwartz Law Firm, Inc.

By  /s/ Nikoll Nikci
    NIKOLL NIKCI #10699

Attorneys for Plaintiffs

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

__ The court has waived the requirement of approval under LR 9021.

__ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_x_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

    APPROVED:        J. Michal Bloom, U.S. Trustee; Kevin Soderstrom, Esq.

    DISAPPROVED:

    FAILED TO RESPOND: