**Entered on Docket**
**August 14, 2009**

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

In re:                                    )
                                          )  Case No.: 08-23264-BAM
Joy Pimentel,                             )
                                          )  Date: July 28, 2009
              Debtor.       )  Time : 3:00 pm
                                          )

## ORDER CONFIRMING PLAN OF REORGANIZATION OF JOY S. PIMENTEL

     Joy Pimentel (the "**Debtor**"), as debtor and debtor in possession, having proposed and filed the Chapter 11 Plan of Reorganization (the "**Plan**");[1] and the Court having conducted a hearing on July 28, 2009 (the "**Hearing**") to consider confirmation of the Plan, as modified by certain modifications filed with the Court as set forth in the Debtor's Memorandum of Law in Support of Confirmation of her Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and Omnibus Reply to Objections (the "**Memo**"); and the Court having considered (i) the affidavits and exhibits admitted into evidence at the Hearing, (ii) the arguments of counsel presented at the Hearing, (iii) the objections filed with respect to confirmation of the Plan and the responses filed thereto, and (iv) the pleadings filed in support of confirmation; and the Court

---

[1] All capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan.

1

being familiar with the Plan and other relevant factors affecting this case pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"); and the Court having taken judicial notice of the entire record of the Chapter 11 case, including, without limitation, all pleadings and papers filed by the Debtor in the Chapter 11 case, (i) the order entered by the Court on June 11, 2009, establishing July 15, 2009, as the last day for filing proofs of Claim against a Debtor (the "**Bar Date Order**"), (ii) the order (the "**Disclosure Statement Order**") entered by the Court on June 16, 2009 (a) approving the Debtor's Disclosure Statement with Respect to the Plan (the "**Disclosure Statement**"), (b) approving the forms of ballots and solicitation and tabulation procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling the Hearing to (A) approve the Disclosure Statement, and (B) consider confirmation for the Chapter 11 Plan, and (f) appointing The Schwartz Law Firm, Inc. ("**SLF**") as solicitation and tabulation agent; and the Court having found that due and proper notice has been given with respect to the Hearing and the deadlines and procedures for objections to the Plan and the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Hearing, and after due deliberation thereon, and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND CONCLUDED**,[2] that

---

[2] The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). To the extent any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent any conclusion of law constitutes a finding of fact, it is adopted as such.

## JURISDICTION AND VENUE

A. The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334.

B. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto.

C. The Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtor, is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

D. Each of the conditions precedent to the entry of this Order has been satisfied.

## JUDICIAL NOTICE

E. This Court takes judicial notice of the docket of the Debtor's Chapter 11 case maintained by the Clerk of the Court and/or its duly-appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 case.

## STANDARDS FOR CONFIRMATION UNDER SECTION 1129 OF THE BANKRUPTCY CODE

F. <u>Section 1129(a)(1).</u> The Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122, 1123, 1125, and 1126 of the Bankruptcy code.

G. <u>Section 1129(a)(4).</u> No payment for services or costs in connection with the Chapter 11 case or the Plan has been made by the Debtor other than payments that have been authorized by order of the Court.

H. <u>Section 1129(a)(7).</u> Each holder of an impaired Claim that has not accepted the Plan will, on account of such Claim, receive or retain property under the Plan having a value, as of the

Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.

I. Section 1129(a)(8). The Plan has not been accepted by all impaired classes of Claims. Nevertheless, the Plan is confirmable because it satisfies 1129(b)(1) of the Bankruptcy Code with respect to such nonaccepting classes of Claims.

J. Section 1129(a)(9). The Plan provides treatment for Administrative and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

K. Section 1129(a)(10). The Plan has been accepted by all classes of impaired Claims that voted on the Plan, including classes 2 and 6, determined without including any acceptance of the Plan by any insider.

L. Section 1129(a)(11). Confirmation of the Plan is not likely to be followed by the liquidation or the need for the further financial reorganization of the Debtor.

M. Section 1129(a)(12). The Plan provides for the payment of all fees payable under section 1930, title 28, United States Code by the Debtor on the Effective Date (or as soon as practicable thereafter). After the Effective Date and until this Chapter 11 case is closed, converted, or dismissed, the Plan provides for the payment by the Disbursing Agent of all such fees as they become due and payable.

N. Section 1129(a)(15). There were no objections to the Plan from creditors holding allowed unsecured claims.

O. Section 1129(c). The Plan (including previous versions thereof) is the only plan that has been filed in the Chapter 11 case that has been found to satisfy the requirements of subsections

(a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

P. Section 1129(d). No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

**EXECUTORY CONTRACTS**

Q. Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, upon the occurrence of the Effective Date, the Plan provides for the rejection of each and every executory contract and unexpired lease that is listed in the Plan Schedules as being rejected. The Debtor's decisions regarding the assumption and rejection of executory contracts and unexpired leases are based on and are within the sound business judgment of the Debtor, are necessary to the implementation of the Plan, and are in the best interests of the Debtor, her estate, holders of Claims, and other parties in interest in this Chapter 11 case.

R. As required by Section 365(b) of the Bankruptcy Code, all cure obligations associated with any executory contract or unexpired lease that is to be assumed under the Plan shall be paid.

**SETTLEMENTS AND INJUNCTIONS**

S. Pursuant to sections 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and in consideration of the classification, distributions, and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all the Claims and controversies resolved pursuant to the Plan.

5

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

**A.     General**

1. The Plan is hereby confirmed and the record of the Hearing is hereby closed.

2. The Effective Date of the Plan shall occur on the date when the Court signs this Order confirming the Plan.

3. In accordance with section 1141(a) of the Bankruptcy Code and upon the occurrence of the Effective Date, the Plan shall be binding upon and inure to the benefit of (i) the Debtor and her respective successors and assigns, (ii) the holders of Claims and their respective successors and assigns (whether or not they voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such holder has filed, or is deemed to have filed a proof of Claim, (iii) any other Person giving, acquiring, or receiving property under the Plan, (iv) any party to an executory contract or unexpired lease of a Debtor and (v) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any.

4. On the Effective Date, except as otherwise provided in the Plan, title to all property of the Estates shall vest in and be transferred in accordance with the terms of the Plan. Notwithstanding any terms to the contrary, title to 8466 Illusionary Magic Circle, Las Vegas, Nevada 89131, in which Bank of America has a security interest, will not be placed in a holding company or transferred in any way prior to the completion of Plan terms.

**B.     Treatment of Secured Claims**

5. The secured portions of the Lenders' claims are reduced to the appraised value of the Properties, pursuant to 11 U.S.C. § 506(a).

    6.    That the unsecured portions of the Lenders' claims are reduced and shall be treated as "general unsecured claims", pursuant to 11 U.S.C. § 506(a).

    7.    That the secured and unsecured claims against the property located at 8254 Belmont Valley, Las Vegas, Nevada 89119 are bifurcated in accordance with the appraised value of the property in the amount of $224,500.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 8254 Belmont Valley, Las Vegas, Nevada 89119 are:

    a. First Lien - Bank of America -    Loan Number - 6099137793
        i. Secured Claim -    $224,500.00
        ii. Unsecured Claim -    $117,500.00

    b. Second Lien -    Bank of America -    Loan Number - 68181005890799
        i. Unsecured Claim -    $73,925.00.

    8.    That the secured and unsecured claims against the property located at 9106 Wine Cellar Avenue, Las Vegas, Nevada 89148 are bifurcated in accordance with the appraised value of the Property in the amount of $141,500.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9106 Wine Cellar Avenue, Las Vegas, Nevada 89148 are:

    a. First Lien –    Bank of America -    Loan Number – 6263873017
        i. Secured Claim-    $141,500.00
        ii. Unsecured Claim -    $108,255.00

    b. Second Lien -    Bank of America -    Loan Number – 6718494195
        ii. Unsecured Claim -    $30,367.00.

9. That the secured and unsecured claims against the property located at 9862 Mount Oroville Court, Las Vegas, Nevada 89178 are bifurcated in accordance with the appraised value of the property in the amount of $196,500.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9862 Mount Oroville Court, Las Vegas, Nevada 89178 are:

    a. First Lien –    Bank of America -    Loan Number -    6025259018

        i. Secured Claim -    $196,500.00

        ii. Unsecured Claim -    $108,999.00

    b. Second Lien -    Bank of America -    Loan Number -    6729928744

        i. Unsecured Claim - $37,587.00

10. That the secured and unsecured claims against the property located at 12624 Red Pepper Court, Germantown, Maryland 20874 are bifurcated in accordance with the appraised value of the property in the amount of $125,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 12624 Red Pepper Court, Germantowm, Maryland 20874 are:

    a. First Lien –    Bank of America -    Loan Number -    6820044862

        i. Secured Claim -    $125,000.00

        ii. Unsecured Claim -    $55,000.00

    b. Second Lien -    Bank of America -    Loan Number -    6508980387

        i. Unsecured Claim -    $43,252.00.

11. That the secured and unsecured claims against 9555 Palini Court, Las Vegas, Nevada 89123 are bifurcated in accordance with the appraised value of the property in the

amount of $133,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9555 Palini Court, Las Vegas, Nevada 89123 are:

    a. First Lien – Citi Mortgage Inc. - Loan Number - 0770854030

        i. Secured Claim - $133,000.00

        ii. Unsecured Claim - $109,687.00

    b. Second Lien - Ocwen Loan Servicing, LLC - Loan Number – 0040143703

        i. Unsecured Claim - $61,637.00.

12. That the secured and unsecured claims against 10003 Emerald Pools Street, Las Vegas, Nevada 89178 are bifurcated in accordance with the appraised value of the property in the amount of $407,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 10003 Emerald Pools Street, Las Vegas, Nevada 89178 are:

    a. First Lien – EMC Mortgage - Loan Number – 0021946348

        i. Secured Claim - $407,000.00

        ii. Unsecured Claim - $334,167.00

    b. Second Lien - EMC Mortgage - Loan Number - 0021952296

        i. Unsecured Claim - $132,626.00;

13. That the secured and unsecured claims against 8466 Illusionary Magic Circle Drive, Las Vegas, Nevada 89131 are bifurcated in accordance with the appraised value of the property in the amount of $365,000.00; the creditors' wholly unsecured claims shall be treated as

"general unsecured claims," pursuant to 11 U.S.C. Section 506(a), and the total amounts of the claims against 8466 Illusionary Magic Circle Drive, Las Vegas, Nevada 89131 value are:

    a. First Lien -     Countrywide Home Loans -   Loan Number -     179981901

        i. Secured Claim - $365,000.00

        ii. Unsecured Claim - $62,192.00

    b. Second Lien -    Countrywide Home Loans -   Loan Number -     1799819

        i. Unsecured Claim - $80,079.00.

    14.    That the secured and unsecured claims against 11733 Tiernery Creek Dr., Las Vegas, NV 89183, are bifurcated in accordance with the appraised value of the property in the amount of $175,000.00; the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 11733 Tiernery Creek Dr. Las Vegas, NV 89183 are:

    c. First Lien –     Aurora Loan Services-      Loan Number –     0039886213

        i. Secured Claim -     $175,000.00

        ii. Unsecured Claim -     $165,601.00

    15.    That unsecured portions of the Lenders' claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 11 plan.

    16.    That Lenders' secured rights and/or lien-holder rights in the Properties are hereby modified as set forth above, however, all remaining terms of the mortgage and note shall remain the same, including the term of the loan and interest rate.

**C.    Plan Implementation.**

17.    The Debtor is authorized to undertake or cause to be undertaken any and all acts and actions contemplated by the Plan or required to consummate and implement the provisions of the Plan, prior to, on, and after the Effective Date, including without limitation, entering, executing, delivering, filing or recording any agreements, instruments, or documents necessary to implement the Plan.  All such actions shall be deemed to have occurred and shall be in effect without any requirement or further action by the Debtor.

18.    Each federal, state, commonwealth, local, foreign or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Order.

**D.    Plan Distributions.**

19.    On and after the Effective Date, distributions on account of allowed Claims, shall be effectuated pursuant the Plan.

20.    In accordance with the Plan, all applications for payment of fees and reimbursement of expenses by professionals retained in these Chapter 11 Cases as well as parties seeking compensation pursuant to section 503 of the Bankruptcy Code must be filed with the Court by the date that is no later than forty-five (45) days after the Confirmation Date of the Plan (or, if such date is not a Business Day, by the next Business Day thereafter).  Any Person or entity that fails to file such an application or request on or before such date shall be forever barred from asserting such Administrative Claim against the Debtor or her property, and the holder thereof shall be enjoined from commencing or continuing any action, employment of

11

process or act to collect, offset or recover such Administrative Claim. Applications for approval of professionals' fees not previously awarded during the pendency of the Chapter 11 case may be included in such professional's final applications as set forth herein and in the Plan. Objections, if any, to Fee Claims shall be filed and served not later than five (5) business days prior to the date set by the Court for the hearing to consider such requests.

### E. Executory Contracts and Leases.

21. As of the Confirmation Date all executory contracts and unexpired leases of the Debtor shall be assumed, pursuant to sections 365 and 1123 of the Bankruptcy Code.

22. Upon the Confirmation Date of the Plan, the Debtor shall provide notice of the rejection pursuant to the Plan of an executory contract or unexpired lease to any non-debtor parties. In the event the Plan otherwise is not consummated, the Debtor may modify or amend (including, without limitation, making additions and/or deletions) all rights of a Debtor to assume or reject its unexpired leases and executory contracts shall be reinstated to the date immediately prior to the date of this Order.

### F. Taxes and Transfers.

23. The transfer of any security under the Plan or this Order has been duly authorized, and when issued as provided in the Plan, will be validly issued, fully paid, and nonassessable.

24. Creditors seeking to protect the validity, enforceability, perfection and priority of the liens and security interests granted and/or continued under the Plan may file financing statements, deeds of trust, mortgages or other documents and take any and all actions as they deem appropriate, in their respective discretion, to confirm the perfection of such security interests and liens.

25. All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and recorded notwithstanding any contrary provision of applicable nonbankruptcy law. This Court retains jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

**G.    Miscellaneous.**

26. From and after the Confirmation Date, this Court shall retain and have exclusive jurisdiction of all matters arising out of this Chapter 11 case pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code, including without limitation, jurisdiction over the matters set forth in the Plan, which is incorporated herein by reference, as if set forth *in extenso*.

27. Except as otherwise provided in the Plan and this Order, notice of all subsequent pleadings in this Chapter 11 case shall be limited to counsel for the Debtor, the United States Trustee, and any party known to be directly affected by the relief sought.

28. Notwithstanding anything in the Plan or this Order to the contrary, the amount of any Priority Tax Claim for U. S. federal income taxes, if any, and the rights of the holder of such Claim, if any, to payment in respect thereof shall: (a) survive the Effective Date and consummation of the Plan and be determined in the manner and by the administrative or judicial tribunal in which the amount of such Claim and the rights of the holder of such Claim would have been resolved or adjudicated if the Chapter 11 case had not been commenced; and (b) not be discharged, impaired or adversely affected by the Plan. In accordance with section 1124 of the Bankruptcy Code, the Plan shall leave unaltered the legal, equitable and contractual rights of a holder of such Claim.

29.     Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Court that the Plan be confirmed and such related agreements be approved in their entirety.

30.     All entities holding Claims against in the Debtor that are treated under the Plan are hereby directed to execute, deliver, file, or record any document, and to take any action necessary to implement, consummate, and otherwise effect the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

31.     In accordance with section 1142 of the Bankruptcy Code, the Debtor, and any other entity designated pursuant to the Plan are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan and as set forth in the Plan.

32.     Any document related to the Plan that refers to a plan of reorganization of the Debtor other than the Plan confirmed by this Order shall be, and it hereby is, deemed to be modified such that the reference to a plan of reorganization of the Debtor in such document shall mean the Plan confirmed by this Order, as appropriate.

33.     In the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the

other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document). In the event of any inconsistency between the Plan or any agreement, instrument, or document intended to implement the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

34. The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

35. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

36. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court, or any other Court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

37. The Plan shall be substantially consummated on the Confirmation Date because the transactions described in the Plan shall have occurred or shall have been provided for.

The Schwartz Law Firm, Inc.

By  /s/ Samuel A. Schwartz                             /s/ Matthew P. Pawloski
   SAMUEL A. SCHWARTZ #10985              MATTHEW P. PAWLOSKI

Attorneys for Debtor                                   Attorneys for Bank of America


   /s/ Darlene C. Vigil
   DARLENE C. VIGIL

Attorneys for Aurora Loan
Services, Inc.

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

__ The court has waived the requirement of approval under LR 9021.

__ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_x_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

    APPROVED:        Bank of America and Aurora Loan Services, Inc.

    DISAPPROVED:

    FAILED TO RESPOND: